IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOHN HARTSOE,<br><br>   Plaintiff,<br><br>vs.<br><br>ORDER ISSUED by DECEASED JUDGE C.B. MCNEIL, ISSUED on AUGUST 29, 2011,<br><br>   Defendant. | CV 20-107-BLG-SPW-TJC<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff John Hartsoe has filed a document entitled "Collateral Attack on Fraud – Void Order" (Doc. 1) which has been filed as a civil complaint. Mr. Hartsoe is no stranger to this Court, having filed seven prior cases dealing primarily with the same issues raised herein. *See* 6:14-cv-00063-DLC *Hartsoe v. Doyle et al*, filed 09/29/14   closed 05/05/15; 6:15-cv-00004-DLC *Hartsoe v. Heisel*, filed 01/22/15   closed 02/24/15; 9:11-cv-00017-DWM *Hartsoe v. Heisel et al*, filed 01/25/11   closed 05/23/11; 9:14-cv-00210-DLC *Hartsoe v. McNeil et al*, filed 08/19/14   closed 09/22/14; 9:14-cv-00225-DLC *Hartsoe v. Marshall et al*, filed 09/16/14   closed 12/01/14; 9:16-cv-00087-DLC-JCL *Hartsoe v. State of Montana et al*, filed 07/06/16   closed 12/11/17; 9:18-cv-00149-RHW *Hartsoe v. Bullock et al*, filed 8/27/18   closed 1/18/19.

1

While there are obvious issues with the current action pertaining to venue and statute of limitations issues, the Court finds that it lacks jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine and that the case should therefore be dismissed. *See* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Fiedler v. Clark*, 714 F.2d 77, 78–79 (9th Cir. 1983)(a federal court may dismiss *sua sponte* a complaint for lack of subject matter jurisdiction).

Federal district courts do not have appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The *Rooker–Feldman* doctrine forbids a losing party in state court from filing suit in federal district court after the state proceedings have ended, complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment. *Skinner v. Switzer*, 562 U.S. 521, 131 S.Ct. 1289, 1297, 179 L.Ed.2d 233 (2011).[1] This jurisdictional bar extends to actions that are de facto appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the

---

[1] The *Rooker–Feldman* doctrine derives its name from two United States Supreme Court cases: (1) *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and (2) *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

2

district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). "Rooker–Feldman thus applies only when the federal plaintiff both asserts as [his] injury legal error or errors by the state court and seeks as [his] remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004).

Here Mr. Hartsoe lost in state court nearly nine years prior to filing the current action in this Court. He seeks to appeal an August 29, 2011 Order granting summary judgment to Donna Heisel (his ex-wife) and ordering foreclosure on his interest in certain Lake County real property located in St. Ignatius, Montana. He contends Judge C.B. McNeil had a vulgar outburst, refused to recuse himself, violated Montana Rules of Civil Procedure, and held a hearing which stole Mr. Hartsoe's property. He asks this Court to vacate the Order issued by Judge McNeil on August 29, 2011 which he contends took his home and property. (Doc. 1.)

This Court does not have jurisdiction to hear an appeal of a decision issued by a Montana state district and affirmed by the Montana Supreme Court. *Heisel v. Hartsoe*, DA 11-0543 (Mont. S.Ct. August 14, 2012). Mr. Hartsoe lost in state court in August 2011, long before the filing of this federal claim. He is seeking injuries caused by the state court judgment and is asking this Court to review and reject the judgment of the state court. This is something this Court cannot do. *See Exxon Mobil Corp.*, 544 U.S. at 284. Mr. Hartsoe's claims are barred by the

*Rooker-Feldman* doctrine and this matter should be dismissed.

Mr. Hartsoe has written a letter regarding whether he consents to the undersigned exercising jurisdiction over this case.  This letter has not been filed or presented to the Court pursuant to Local Rule 73.1(a).  However, the Court has been advised that Mr. Hartsoe has requested an evidentiary hearing.  In light of the recommendation to dismiss this case for lack of subject matter jurisdiction the request for an evidentiary hearing is denied.

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hartsoe may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of August, 2020.

                                      */s/ Timothy J. Cavan*
                                      TIMOTHY J. CAVAN
                                      United States Magistrate Judge