FILED

AUG 26 2020

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOHN HARTSOE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ORDER ISSUED by DECEASED JUDGE C.B. MCNEIL, ISSUED on AUGUST 29, 2011,<br><br>　　　　Defendant. | CV 20-107-BLG-SPW<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND ENTERING JUDGMENT |

　　Before the Court are the Magistrate's Findings and Recommendations. (Doc. 3.) The Magistrate recommended dismissing Plaintiff John Hartsoe's complaint for lack of subject-matter jurisdiction. (*Id.* at 4.) Hartsoe timely filed objections to the Findings and Recommendations. (Doc. 5.) The Court overrules the objections and adopts the findings and recommendations in full.

　　When a party timely objects to any portion of the Magistrate's Findings and Recommendations, the Court must review those portions of the Findings and Recommendations de novo. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or

1

recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). The Court need not review the factual and legal conclusions to which the parties do not object. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Hartsoe argues he is not appealing his state district court judgment. (Doc. 5 at 1.) He states he "is not asking that this federal court look at this matter as [an] appeal." (*Id.*) Rather, he "is asking the court to determine if 'fraud on the court' occurred." (*Id.*) He adds that "nowhere in John Hartsoe's papers has he asked this court for appellate review." (*Id.* at 4.)

Hartsoe's complaint, however, asks the Court to "vacate the fraud-void judgment"—a state court order granting summary judgment to his ex-wife, Donna Heisel, in a state civil proceeding. (Doc. 1 at 1–2.) Hartsoe believes the presiding judge committed several errors, including fraud on the court, that now entitle Hartsoe to relief from the judgment under Federal Rule of Civil Procedure 60(b). (*Id.* at 2–5.) He concludes his complaint by asking for relief from the order: "What John Hartsoe is asking is that this court vacate[] the order issued by Judge McNeil that took my home and property, issued on August 29, 2011, or if this court can see the corruption here, order an evidentiary hearing and John Hartsoe will subpoena witnesses to come forth and answer questions under oath." (*Id.* at 12.)

There is no doubt Hartsoe's complaint is an attempt to appeal a state court judgment in a federal court. He claims he is only asking the Court to determine whether fraud on the court occurred, but the remedy he seeks is plainly to have this Court vacate the state court's judgment. As the Magistrate explained, federal district courts do not have appellate jurisdiction over state court judgments. 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). That jurisdictional bar extends to actions that are de facto appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

Hartsoe contends the district court judge had a vulgar outburst, refused to recuse himself, violated Montana Rules of Civil Procedure, and held a hearing which stole Hartsoe's property. (Doc. 1 at 2–5.) All Hartsoe's complaints about the state court's civil proceeding are inextricably intertwined with its decision such that the adjudication of the purported federal claims would undercut that ruling. Simply put, Hartsoe' attempt to have this Court vacate the state court's judgment is an appeal. The Court lacks jurisdiction to hear it. *See Exxon Mobil Corp.*, 544 U.S. at 284. The Court concurs with the Magistrate's Findings and Recommendations.

Furthermore, Hartsoe has filed a motion for an evidentiary hearing. (Doc. 4.) An evidentiary hearing would not change the Court's legal conclusion that it lacks subject matter jurisdiction. The motion will be denied. Accordingly,

**IT IS HEREBY ORDERED**:

1. Hartsoe's Objection (Doc. 5) is **OVERRULED**.

2. The Magistrate's Findings and Recommendations (Doc. 3) are **ADOPTED IN FULL**.

3. Hartsoe's Motion for Evidentiary Hearing (Doc. 4) is **DENIED**.

4. This matter shall be **DISMISSED**. The Clerk of Court shall enter judgment against the Plaintiff, John Hartsoe.

The Clerk of Court shall notify Hartsoe of this Order.

DATED this 26th day of August, 2020.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge